COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


MARSHALL RONALD BRAITHWAITE

                                        MEMORANDUM OPINION*
v.    Record No. 2506-99-4                  PER CURIAM
                                         FEBRUARY 15, 2000
SMALLEY PACKAGE COMPANY, INC. AND
 MARYLAND CASUALTY COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Jimmy L. Hill; Roger Ritchie & Partners,
            P.L.C., on brief), for appellant.

            (William S. Sands, Jr.; Duncan and Hopkins,
            P.C., on brief), for appellees.


    Marshall R. Braithwaite contends that the Workers'

Compensation Commission erred in finding that he failed to prove

(1) he sustained an injury by accident arising out of and in the

course of his employment on November 12, 1997; and (2) a causal

connection between his injury and disability and the November

12, 1997 alleged incident.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

    "In order to carry [the] burden of proving an 'injury by

accident,' a claimant must prove that the cause of [the] injury

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that Braithwaite's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). In ruling that Braithwaite failed to sustain his burden of proof, the commission found as follows:

> While [Braithwaite] testified that he told [Thomas] Grant[, Sr.] about the incident, the record shows that Grant was not at work that day. [Kristin] Whirley knew that [Braithwaite] had back problems, but she did not know anything about a work-related accident. Further, the medical records do not corroborate [Braithwaite's] testimony of an incident on November 12, 1997. When [Braithwaite] saw Dr. [Beverly N.] Chambers on November 13 and November 17, 1997, he did not report a work-related incident or an onset of back pain. The history taken for the lumbar spine x-rays of November 17, 1997, noted left leg sciatica occurring "for the past couple of weeks." The few references to a work-related accident involving the chains and straps appear to relate to an incident in August 1997, and not a second incident in November 1997. The undated office note refers to changing straps on August 12, 1997, and then pain again in November 1997. [Braithwaite]

-

indicated on December 5, 1997, that the
injury was a workers' compensation one, but
that he did not know how the accident
happened.  Dr. [Patrick M.] Capone referred
to a work-related incident in October 1997.
While we do not doubt that [Braithwaite]
suffers back pain and symptoms, the evidence
does not establish that his condition arose
from a work-related incident on November 12,
1997, which is the alleged accident under
consideration.

The commission's findings are amply supported by the record.  In light of Braithwaite's uncorroborated testimony, which was inconsistent with the testimony of other witnesses and with the medical records, the commission, in its role as fact finder, was entitled to reject Braithwaite's testimony and to conclude that he failed to sustain his burden of proof.  It is well settled that credibility determinations are within the fact finder's exclusive purview.  See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).  Based upon this record, we cannot find as a matter of law that Braithwaite sustained his burden of proving that he incurred an injury by accident arising out of and in the course of his employment on November 12, 1997.

Because this ruling disposes of this appeal, we need not address the issue concerning proof of causal connection.  For the reasons stated, we affirm the commission's decision.

Affirmed.

-